UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-335 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| FRANCISCO JAVIER COSENZA, | |
| Defendant(s). | |

Presently before the court is defendant Francisco Cosenza's motion to reconsider. (ECF No. 67). The government did not file a response, and the time to do so has now passed.

**I.   Background**

Defendant is currently serving a 36-month term of supervised release following his incarceration on a conviction of being a felon in possession of a firearm. (ECF No. 42). On October 31, 2022, an arrest warrant was issued stemming from violations of his supervised release, and it was executed on November 1, 2022. (ECF No. 54). He stood for an initial appearance that same day. (ECF No. 53).

During the pendency of his hearing on the violations of his supervised release, defendant sent a letter to this court. *See* (ECF No. 59). This letter is the latest in a series of correspondence defendant has directed to the court, the assistant U.S. attorney assigned to the case, and to the Las Vegas Metropolitan Police Department wherein he states he has been the victim of a conspiracy to implant a microchip in his head that allows "voices" to mimic his thoughts and goad him into committing violent acts. *See, e.g.*, (*Id.*; ECF No. 20).

Following receipt of this letter and before the hearing on violations of supervised release, the government moved for a competency evaluation and requested an eventual hearing to

**James C. Mahan**
**U.S. District Judge**

determine defendant's competency pursuant to 18 U.S.C. 4241.  (ECF No. 61).  This court granted the motion for an evaluation, vacated the revocation hearing, and stated that it would later reschedule the matter for further proceedings.  (ECF Nos. 62–64).  Defendant now moves to reconsider the order of a psychiatric evaluation.  (ECF No. 67).

## II.     Legal Standard

Although Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, a "postjudgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases.").

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59 "permits a district court to reconsider and amend a previous order." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  However, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Id.*  A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III.    Discussion

While the government's failure to file points and authorities in opposition to defendant's motion constitutes consent to granting the motion under this district's local rules, *see* LCR 47-3, defendant must still prove entitlement to the relief requested.  As discussed below, he fails to

**James C. Mahan**
**U.S. District Judge**

present newly discovered evidence, a change in intervening law, or a clear error in the initial decision such that reconsideration is warranted.  Defendant's motion will thus be DENIED.

This court *must* grant a motion for a competency evaluation if there is reasonable cause to believe a defendant may not be competent.  18 U.S.C. § 4241(a) ("The court shall grant the motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").  "'Evidence' encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is 'substantial' if it raises a reasonable doubt about the defendant's competency to stand trial." *Moore v. United States*, 464 F.2d 663, 666 (9th Cir. 1972)

The record, as it stands, compels this court to order an eventual competency hearing pursuant to statute.  *See* 18 U.S.C. § 4241.  Defendant's history of mental illness, as discussed in the sealed motions, and his concerning statements in correspondence to officers of the court give reasonable cause to doubt his ability to understand the proceedings before him, although they are not outcome determinative.  The court has not—and does not here—determine that defendant is, in fact, incompetent.  And it is true that a medical official, standing alone, cannot resolve the legal question of competency.  *United States v. Brennan*, 928 F.3d 210, 216 (2d Cir. 2019).  However, an evaluation, as ordered, will assist the court in making that determination.

Further, an evaluation within the BOP system remains appropriate.  Defendant presents no new evidence or new law, and he does not show that the court committed clear error in its original order when selecting from the menu of evaluative options that § 4247 provides.  This court opted to have the evaluation conducted within the BOP system, as defendant was already in custody at the time of the order and remains as such today.  That he would prefer a third-party evaluation does not meet the high bar required of a motion for reconsideration.

Defendant also argues that reconsideration is appropriate because other competency evaluations have taken far longer than the statutorily mandated thirty days.  Speculative concern that the evaluation here might not be timely conducted does not provide grounds for

**James C. Mahan**
**U.S. District Judge**

- 3 -

reconsideration. The statute (as well as this court's order) contains a strict, specific timeline for the evaluation. *See* 18 U.S.C. § 4247. The court is not inclined to reconsider its order on the ground that a hypothetical injury could occur. Should there be an issue of timely completion of the evaluation, the court could address that issue upon motion from the parties.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for reconsideration (ECF No. 67) be, and the same hereby is, DENIED.

DATED December 21, 2022.

                                                         */s/ James C. Mahan*
                                                       UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -