UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-335 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| FRANCISCO JAVIER COSENZA, | |
| Defendant(s). | |

Presently before the court is defendant Francisco Cosenza ("defendant")'s motion to strike a letter he sent to this court (ECF No. 59) that appears on the public docket. (ECF No. 75). The government did not respond to the instant motion and is unopposed to defendant's request.[1]

**I.    Background**

On March 18, 2022, defendant pleaded guilty to one count of felon in possession of a firearm. (ECF No. 37). The court subsequently sentenced defendant to twenty-seven months imprisonment followed by thirty-six months of supervised release. (ECF No. 42). On October 31, 2022, the United States Probation Office ("USPO") filed a petition alleging four violations of defendant's supervised release. (ECF No. 49). The USPO filed an addendum to the petition on November 1, 2022. (ECF No. 52).

---

[1] Defendant's motion indicates that on September 5, 2023, Assistant United States Attorney Brian Whang confirmed that the government was unopposed to defendant's request. (ECF No. 75 at 2 n.1).

**James C. Mahan**
**U.S. District Judge**

On November 1, 2022, a federal public defender was appointed to represent defendant for his revocation hearing. (ECF No. 53). Defendant sent the subject letter addressed to the court that same month, and it was filed on the public docket on November 14, 2022. (ECF No. 59).

The court held a revocation hearing regarding defendant's supervised release on September 6, 2023, wherein it accepted defendant's admissions and revoked his supervision. (ECF No. 74). One week later, the court entered an amended judgment of supervised release as to defendant, committing him to a sentence of time served and twenty-four months of supervised release.

## II.  Legal Standard

Under Local Rule IA 11-6(a), a party who has "appeared by attorney" cannot appear or act in the case, unless the court orders otherwise. LR IA 11-6(a). The rule denotes that once the defendant has been appointed counsel and his attorney makes an appearance, the defendant may not file documents with the court. *Id*. Filings must then be made through the defendant's counsel. *Id*.

The local rules compel any document filed with the court to follow strict requirements. Absent requesting a determination on a ruling, "an attorney or pro se party must not send case-related correspondence, such as letters . . . to the court." LR IA 7-1 (a)-(b). "The court may strike any case-related correspondence filed in the court's docket" that does not comply with the local rule." *Id*.

## III.  Discussion

Good cause exists to strike defendant's letter from the public docket as it is rife with procedural deficiencies. First, defendant's sending the letter violates Local Rule IA 11-6(a). Defendant had received appointed counsel at the time he submitted the letter to the court.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly, he did not have the authority to submit any filings without consulting or going through counsel. *See* LR IA 11-6.

Counsel for defendant filed a notice of appearance on November 3, 2022. (ECF No. 55). Defendant's letter was not made with assistance of appointed counsel, nor was the letter filed by appointed counsel. *See id.* The letter is therefore violative of Local Rule IA 11-6(a).

Secondly, defendant's letter does not comply with Local Rule IA 7-1 (a)-(b). Defendant's correspondence does not relate to a request for a ruling on a fully briefed issue before the court. *See* LR IA 7-1 (a)-(b). Moreover, the letter is not styled as a motion, stipulation, or notice as required by the local rules. *See* LR IA 7-1(b). Accordingly, defendant's letter addressed to the court also fails to comply with Local Rule IA 7-1 (a)-(b).

Finally, principles of pragmatism compel the court to strike ECF No. 59 from the docket. The letter submitted by defendant is a three-page, handwritten note that is almost entirely incoherent. In the letter, he informs the court of his pain and suffering in custody and remarks that he has received death threats. (ECF No. 59 at 1-2). He also repeatedly refers to a microchip implanted in his brain that dictates his actions. (*Id.* at 3).

The letter itself is not threatening, but it leads a reasonable person to question defendant's sanity. However, the court has already adjudicated this issue. Before defendant's revocation hearing, the court received a competency report stating that defendant does not suffer from mental illness and that his actions derive from drug abuse, not a lack of sanity. (ECF Nos. 73-74).

Maintaining this letter as public record could hinder defendant's ability to obtain employment and rehabilitate himself. Defendant showed contrition to the court in his revocation

**James C. Mahan**
**U.S. District Judge**

- 3 -

hearing, and as of the date of this order he has not violated any conditions of his supervision. Good cause thus exists to grant his motion to strike the letter from the public docket.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to strike ECF No. 59 from the docket (ECF No. 75) be, and the same hereby is, GRANTED.

The clerk is instructed to strike ECF No. 59 from the public docket.

DATED October 11, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -